[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#125)
The defendants Antonio D'Addeo and Toni D'Addeo have filed the instant Motion for Summary Judgment (#125) as to Counts One and Three of the plaintiffs complaint. CT Page 9528
As a threshold matter, counsel for the plaintiff submitted a Memorandum in Opposition to Defendants' Motion for Summary Judgment (#128) in which he sets forth arguments regarding the boundary disputes involving the property. Nevertheless, he did state to this court at oral argument on the instant motion "[w]ith respect to the boundary issue . . . my client signed his own title affidavits on future refinance on the property . . . and we don't think we have a boundary dispute anymore . . . We accept the boundaries that we have." Transcript of February 11, 2002, p. 4. This is a judicial admission. "Judicial admissions are voluntary and knowing concessions of fact by a party or a party's attorney occurring during judicial proceedings." (Internal quotation marks omitted.) LaSalleNational Bank v. Freshfield Meadows, 69 Conn. App. 824, 829-30, ___ A.2d ___ (2002). Therefore, since the allegations of the complaint concern either boundary problems or water in the basement, given counsel's admission, the only remaining factual basis for the misrepresentation claims is the issue of water in the basement.
Both sides have submitted uncertified deposition excerpts in support of their respective memoranda. Neither party contests the accuracy of any portion of the pages submitted. Accordingly, the court has reviewed the deposition excerpts submitted by each party. See Rock v. Mott, Superior Court, judicial district of New Britain, Docket No. CV 99 0492215 (January 10, 2001, Shapiro, J.).
The plaintiff has alleged in his complaint that the defendants have each made both oral and written misrepresentations. While the plaintiff in his deposition admitted to having no conversations with Toni D'Addeo (Exhibit 3, p. 20), she did sign the Residential Property Condition Disclosure Report (Exhibit 1B) which discloses "water in basement when severe rainfall."
"Whether evidence supports a claim of fraudulent or negligent misrepresentation is a question of fact." Citino v. RedevelopmentAgency, 51 Conn. App. 262, 273, 721 A.2d 1197 (1998). "[E]ven an innocent misrepresentation of fact may be actionable if the declarent has the means of knowing, ought to know, or has the duty of knowing the truth. . ." (Citation omitted; internal quotation marks omitted.) Id., 273.
The court finds that genuine issues of material fact exist as to both Counts One and Three. The defendants' Motion for Summary Judgment (#125) is hereby ordered denied
BY THE COURT
______________J. CT Page 9529 Arena